Reverend William MATTHEWS, Plaintiff,

v.

Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 79–4339.

United States District Court, E. D. Louisiana.

July 17,. 1980.

Nell I. Lipscomb, Gwendolyn F. Bole, New Orleans, La., for plaintiff.

Leonard P. Avery, Asst. U. S. Atty., for defendant.

## ON DEFENDANT'S MOTION TO DISMISS

CASSIBRY, District Judge.

The plaintiff is Reverend William Matthews, 93 years old. His wife died in 1970. Before the Supreme Court invalidated the "one-half support" requirement, plaintiff attempted to file applications for widower's benefits for several years. *See* 42 U.S.C. § 402(f) in general and § 402(f)(1)(D)(i) (1976). The people in the local Social Security office allegedly did not allow him to file his applications because they felt he could not meet the requirement. Finally, [I assume while the Supreme Court case that did invalidate the requirement was pending (*Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977)] the officials let Reverend Matthews file his application on October 28, 1976.

In plaintiff's initial determination, the office found that claimant did not meet the one-half support requirement, but withheld a ruling on his benefits pending the outcome of *Goldfarb*. When *Goldfarb* was decided in March of 1977, plaintiff was notified that he would get his benefits henceforward and retroactive to the date of the *Goldfarb* opinion.

The notification of initial determination included notice that plaintiff could request reconsideration of his claim. Plaintiff did not so request. Nevertheless, ten months later, plaintiff filed a request that his case be reopened to consider whether he was entitled to benefits retroactive to the date of his initial attempt to file his application for benefits. By letter, the Social Security Administration denied his request to reopen the decision in his case.

Plaintiff claims that he was denied due process and equal protection because the reasons given for not reopening his case were incorrect reasons under HEW regulations and in the Department's Claims Manual. Plaintiff also claims that the initial decision denying him benefits furthered the policy amounting to a denial of equal protection of the laws as decided in *Goldfarb*.

The Social Security regulations, like all administrative schemes, prescribe a particular process a claimant must pursue to establish a claim for benefits:

(1) an application is filed; (2) the claimant receives a so-called "initial determination" of benefits; (3) the claimant has 60 days to request a reconsideration of benefits; (4) if the reconsideration is unfavorable, the claimant may request review by an administrative law judge; (5) the claimant may then request review by the Appeals Council. *See* 20 C.F.R. §§ 404.905, 404.910, 404.911, 404.917, 404.945 (1979). If the claimant fails to request review at any stage in the administrative procedure, the determination at the last step becomes final. See 20 C.F.R. §§ 404.908, 404.916, 404.-940 (1979). The action of the Appeals Council is conclusive upon the parties unless a civil action is filed in an appropriate district court of the United States under the provisions of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976). 20 C.F.R. §§ 404.940, 404.951 (1979).[1]

A "final decision" of the Secretary subject to judicial review within the meaning of section 205(g) of the Act exists only after

---

1. That section provides in pertinent part:

Any individual, after any *final decision of the Secretary* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the

the Appeals Council renders a decision on review of an administrative law judge's determination or denies review. 42 U.S.C. § 405(h) (1976); *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Thus, until the claimant has followed all of the procedures, he cannot obtain judicial review of his claim, except under exceptional circumstances; the court lacks jurisdiction. *Weinberger*, 422 U.S. at 763–74, 95 S.Ct. at 2465–71; *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Reverend Matthews stopped the procedure with his initial determination (step 2); he did not even request reconsideration of his claim. Because plaintiff did not follow the administrative process to the end, he would normally not be entitled to judicial review.

The only exception to the foreclosure of a judicial remedy under Sections 205(g) and (h) has been when plaintiff asserts a constitutional violation. Then, the Court has held, judicial review must be afforded. *Sanders*, 430 U.S. at 109, 97 S.Ct. at 986; *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). But the Supreme Court has also said that the courts may only consider "colorable" constitutional claims. *Sanders*, 430 U.S. at 109, 97 S.Ct. at 986. For instance, in *Weinberger*, the named plaintiffs challenged the "duration of relationship requirement" as a denial of equal protection to those widows and stepchildren who were denied benefits under its terms, and in *Eldridge*, plaintiff claimed that denial of disability payments without a pretermination hearing denied him due process of law. A review of Reverend Matthews' claims shows that they are specious and cannot serve to give the court jurisdiction.

Reverend Matthews argues that the initial determination, as well as the actions of the officials in not allowing him to file his application for all previous years, denied him equal protection of the laws under *Goldfarb*. On the contrary, until *Goldfarb*

was decided, the one-half support requirement was the law. Whether *Goldfarb* should be applied retroactively to give claimants benefits back to the date of their initial applications is a question of law and policy not of constitutional dimension. *See Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Thus, even if the Supreme Court were to hold in the future that *Goldfarb* can be applied retroactively, the Secretary did not deny plaintiff his constitutional rights as of the time she made her initial determination.

The essence of *Weinberger* and *Eldridge* is that the administrative setting is not proper for the assertion of constitutional claims. Thus, it is fruitless to follow administrative procedures because it is beyond the competence of the Secretary to declare either an eligibility statute or the very procedure itself unconstitutional, and a claimant can appeal in court immediately. On the other hand, the administrative setting would have been entirely appropriate to determine a policy on retroactivity of widower's benefits given the *Goldfarb* decision. Plaintiff therefore had an opportunity to appeal his claim to retroactive benefits through the administrative process, which he declined. Furthermore, plaintiff did not even attempt to bring his argument to this court immediately, but waited ten months and then pursued an attempt to reopen his case with the Secretary. Plaintiff does not, therefore, assert a "colorable" constitutional claim sufficient to hurdle his failure to follow the administrative route. The initial determination became final and is binding on claimant. 20 C.F.R. § 404.908 (1979); 42 U.S.C. § 405(h) (1976).

Plaintiff also argues that the Secretary's decision not to reopen his case denied him due process and equal protection. The Secretary's regulations, read in conjunction with the department's claims manual, provide that a case may be reopened within 12 months of the initial determination "for any reason", before 4 years "for good cause",

United States for the judicial district in which the plaintiff resides . . . . . .

42 U.S.C. § 405(g) (1976) (emphasis added).

and at any time for certain types of errors. 20 C.F.R. § 404.957 (1970); Claims Manual at 7002(a). Plaintiff filed his request to reopen within 12 months, so he contends that "any reason" would have been sufficient to reopen his case. Because his request was denied, he contends, he was denied due process of law in that the Secretary failed to comply with her regulations.

Because the Secretary may reopen a case "for any reason", plaintiff reads the regulation that the Secretary *must* reopen a case when given a reason.[2] On the contrary, the text of the regulation plainly provides that the Secretary "may" reopen a case within the relevant time periods for the enumerated reasons. The regulation provides, in effect, that the Secretary may waive the principle of administrative finality if she wants to; it gives the Secretary total discretion whether to reopen a case or not. That means, of course, that the Secretary may *refuse* to reopen a case for any reason, or for no reason. Not surprisingly, the Supreme Court in *Sanders* held that a decision not to reopen a case is not reviewable. 430 U.S. at 108–09, 97 S.Ct. at 985–86. *See also* 5 U.S.C. § 701(a)(2) (1976).

Plaintiff points to a portion of *Sanders* that he contends supports his position that reopening is mandated by Section 404.957. In describing the regulation, the Court said:

> By regulation . . . the administrative scheme provides for additional consideration of the claim. This is in the form of regulations for reopening of the agency determination within specified time limits after the date of initial determination 12 months *as a matter of right* and four years "upon a finding of good cause," . . . . .

430 U.S. at 102, 97 S.Ct. at 982. Reading the *Sanders* opinion as a whole and considering the legislative scheme leads me to conclude that the Court could have only meant that the *Secretary* has the absolute right to reopen a case within 12 months of the initial determination, without a finding

of good cause. In any case, the Court based its decision on section 205(g), which the Court interpreted as conclusively foreclosing judicial review to all but the original decision denying benefits. 430 U.S. at 108, 97 S.Ct. at 985.

The Supreme Court in *Sanders* also held, notwithstanding the foregoing, that the Secretary may not refuse to reopen a case for an *unconstitutional* reason, and *that* decision would be reviewable. *Sanders* itself did not present such a case because the claimant merely wanted another opportunity to establish that he satisfied certain eligibility standards. I interpret the Court's ruling to mean that the Secretary cannot use a constitutionally impermissible basis, such as race, religion, or national origin, to refuse to reopen an applicant's case. In the case at bar, plaintiff claims that the Secretary's letter indicated that she used the wrong standard to deny his request to reopen (i. e., a good cause standard), but like *Sanders* this claim is not of constitutional magnitude.

Nor can plaintiff bring himself under the ruling in *Eldridge*, in which the court analyzed the plaintiff's constitutional challenge as entirely collateral to his substantive claim of entitlement to benefits. *Eldridge* raised a colorable claim to a predeprivation hearing as an element of due process. Plaintiff in the present case was given procedural rights and failed to assert them. At the bottom, plaintiff, like *Sanders*, was simply denied an additional opportunity to argue the merits of his claim.

Finally, plaintiff points out that the letter denying his request to reopen indicated that he had no more review rights in the Administration. He argues that this refusal to review the denial of his request to reopen was also arbitrary. If I cannot judicially review a discretionary decision not to reopen, I certainly cannot judicially review a discretionary decision not to review a decision not to reopen.[3] Plaintiff has made no allegation that this decision was made

---

2. Plaintiff's reason, of course, is that the law changed.

3. Plaintiff admits that review of a decision not to reopen is not mandated by Administration regulations or by statute.

using a constitutionally impermissible basis, either.[4]

Plaintiff claims that mandamus is an appropriate basis of jurisdiction, *see* 28 U.S.C. § 1361 (1976), because the law protects against "arbitrary" actions and this court can compel the Secretary to comply with due process. Even if I were to agree that mandamus jurisdiction is not foreclosed by Sections 205(g) and (h), plaintiff's claim is still not colorable. If a statute fails to incorporate due process protections, or is applied in a constitutionally impermissible manner, I can act. But the Supreme Court in *Weinberger* and *Sanders* essentially held that the Social Security procedures comply with due process. Plaintiff had his chance to present his claim for retroactive benefits; he did not avail himself of it. Plaintiff has no due process right to be given a second chance to present his claim.

For all of the above reasons, plaintiff has no colorable constitutional claim sufficient to confer subject matter jurisdiction on this court. Defendant's motion to dismiss must be granted.

4. Plaintiff's claim is that he was discriminated against "because of the nature of his reason to reopen." I am aware of no decision holding that "reasons" constitute constitutionally-protected classes. The Secretary's discretion whether to reopen a case can *only* be exercised based on the nature of a claimant's reason to reopen.